UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BEAU JAMES DEARBORNE,<br><br>Petitioner,<br><br>v.<br><br>WARREN MONTGOMERY,<br><br>Respondent. | Case No. 8:20-cv-02054-FMO-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On October 21, 2020, the United States District Court for the Southern District of California ("Southern District") docketed from Petitioner Beau James Dearborne ("Petitioner") a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody," raising three grounds for relief. See Dkt. 1 ("Petition" or "Pet."). On October 22, 2020, the Southern District transferred the action to this Court. Dkt. 2. The Court has reviewed the Petition consistent with its authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and finds that the Petition suffers from at least two defects. The Court therefore orders Petitioner to show cause why this action should not be dismissed.

## II.

## PETITIONER'S CLAIMS

1.      Petitioner cannot be found guilty as an aider and abettor of a forcible sex offense.

2.      Unconstitutional insufficiency of evidence to support Petitioner's conviction.

3.      Trial court failure to instruct jury about evidence.

Pet. at 6-9.

The "Supporting facts" for each ground are incorporated from the purportedly attached Petition for Review filed with the California Supreme Court. Id. However, the Petition for Review that is attached to the Petition only contains odd-numbered pages. See Pet at 16-34 (CM/ECF pagination). As a result, the Petition does not contain supporting facts for portions of Petitioner's claims.

## III.

## DISCUSSION

Under Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that the Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition appears subject to dismissal for at least two reasons: (1) it does not contain a coherent statement of supporting facts; and (2) Petitioner failed to pay the filing fee.

### A.      Failure to Coherently Allege Supporting Facts

First, the Petition does not set forth the facts supporting each ground in a coherent manner. Habeas Rules 2(c)(1)-(c)(3) require a statement of all grounds for relief and the facts supporting each ground. In addition, a habeas petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. Habeas Rule 4, Advisory

1  Committee Notes, 1976 Adoption; <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005);

2  <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (quoting <u>Blackledge v.</u>

3  <u>Allison</u>, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague,

4  conclusory, palpably incredible, or unsupported by a statement of specific

5  facts, are insufficient to warrant relief, and are subject to summary dismissal.

6  <u>Jones v. Gomez</u>, 66 F.3d 199, 204-05 (9th Cir. 1995); <u>James v. Borg</u>, 24 F.3d

7  20, 26 (9th Cir. 1994).

8      Here, Petitioner purports to "incorporate" his Petition for Review to the

9  California Supreme Court to provide the facts supporting his three claims.

10  However, the copy of the Petition for Review attached only includes odd

11  numbered pages, leaving the claims unsupported by any coherent statement of

12  facts and rendering the Petition subject to dismissal.

13      **B.      Failure to Pay Filing Fee**

14      Second Petitioner did not pay the $5 filing fee for a federal habeas

15  petition (<u>see</u> 28 U.S.C. § 1914(a)) and did not alternatively file an application

16  to proceed without prepayment of the filing fee ("IFP Application") as

17  required by 28 U.S.C. § 1915. <u>The Clerk is directed to send Petitioner a form</u>

18  <u>IFP Application by a person in custody</u>, which Petitioner is required to prepare

19  in full, and obtain any necessary information and certification from staff at the

20  facility where he is incarcerated if he wishes to proceed without prepayment of

21  the filing fee.

22                                    **IV.**

23                                  **ORDER**

24      For the foregoing reasons, the Petition is subject to dismissal. Petitioner

25  is ORDERED TO SHOW CAUSE, in writing, by <u>no later than thirty (30)</u>

26  <u>days from the date of this Order</u>, why this action should not be dismissed

27  under Habeas Rule 4 for the reasons stated above. Plaintiff may comply with

28  this Order by, within 30 days: (1) preparing and filing a "Notice of Supplement

1 | to Petition," bearing the above-case number, that includes a full copy of his
2 | entire Petition for Review to the California Supreme Court; and (2) paying the
3 | $5 filing fee or submitting a compliant IFP Application.
4 |     <u>Alternatively</u>, Petitioner may, in addition to either paying the filing fee
5 | or submitting a compliant IFP Application, file an amended petition within
6 | thirty (30) days of the date of this Order to attempt to cure the above-
7 | referenced defects. <u>The Clerk is directed to send Petitioner a blank copy of the</u>
8 | <u>Central District habeas petition form for this purpose</u>. The amended petition
9 | should reflect the same case number, be clearly labeled "First Amended
10 | Petition," and be filled out completely, including naming the appropriate
11 | respondent.
12 |     Petitioner is cautioned that a failure to respond timely in compliance
13 | with this Order may result in this action being dismissed for the foregoing
14 | reasons, for failure to prosecute, and for failure to comply with a Court order.
15 |
16 | Dated: October 28, 2020
17 |
18 |                      _____
19 |                      JOHN D. EARLY
                     United States Magistrate Judge
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |